*Sharma v. Lynch*

BIA
Christensen, IJ
A089 091 988

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand fifteen.

PRESENT:
>        ROBERT A. KATZMANN,
>                *Chief Judge,*
>        DEBRA ANN LIVINGSTON,
>        SUSAN L. CARNEY,
>                *Circuit Judges.*

_____

BEDHANIDHI SHARMA, AKA
BEDRUIDI SHAZMA,
>        *Petitioner,*

>        v.                                          13-4777
>                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

**FOR PETITIONER:**            Yagya P. Nepal, San Leandro,
                               CA.

**FOR RESPONDENT:** Joyce R. Branda, Acting Assistant Attorney General; Song Park, Senior Litigation Counsel; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bedhanidhi Sharma, a native and citizen of Nepal, seeks review of a November 27, 2013, decision of the BIA (1) affirming an April 5, 2011, decision of an Immigration Judge ("IJ") denying Sharma's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying his motion to remand. *In re Bedhanidhi Sharma,* No. A089 091 988 (B.I.A. Nov. 27, 2013), *aff'g* No. A089 091 988 (Immig. Ct. N.Y. City Apr. 5, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Adverse Credibility Determination

For asylum applications such as Sharma's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, so long as they reasonably support an inference that the applicant is not credible.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). For purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent."  *Xiu Xia Lin*, 534 F.3d at 166 n.3.  We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Id*. at 167. In this case, the agency reasonably based its adverse credibility determination on omissions and inconsistencies.

Sharma's testimony conflicted with his asylum application on a key point: whether he fled to India before or after the

3

Maoists released his kidnaped wife. In his asylum application he stated that he left India after the Maoists released his wife. By contrast, he testified that while he was at a store, he learned that the Maoists were at his home and immediately left Nepal, learning that the Maoists kidnaped his wife only after he arrived in India. Letters from Sharma's wife and father state that Sharma went to India after his wife was released.

Sharma's testimony and asylum application conflicted with the record of his credible fear interview with respect to his party affiliation. At his merits hearing and in his asylum application, Sharma averred that: beginning in 1986, he was active with the Nepali Student Union, the student affiliate of the Nepali Congress Party ("NCP"); he remained a member of the NCP for more than 20 years; and it was his affiliation with the NCP that triggered Maoist attacks. He did not mention the NCP at all in his credible fear interview. Similarly, in both his testimony and asylum application he said he joined the Rasertriya Prajantranea Party ("RPP"); at the credible fear interview he said he was simply a supporter.

Contrary to Sharma's argument, the IJ reasonably relied on the credible fear interview to form the basis of the adverse

4

credibility determination. When discrepancies arise from an applicant's statements in a credible fear interview, we closely examine the record of the interview to ensure that it is sufficiently accurate to merit consideration in determining whether the applicant is credible. *Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009). Sharma argues only that "the asylum officer did not ask [him] questions which would elicit the details of his membership in the [NCP]" and did not ask follow-up questions to develop his account. However, the IJ based the adverse credibility determination not on a difference in details between the credible fear interview and Sharma's asylum statement, but rather on Sharma's complete omission from the credible fear interview of any mention of the NCP. Further, a review of the credible fear interview record shows that Sharma was asked several questions that should have elicited a response regarding his membership in the NCP if it was, as he later claimed, the major reason the Maoists targeted him.

Sharma also argues that the agency erred by ignoring his corroborating evidence: specifically, an information report his wife filed with the Nepalese police in April 2008 regarding an attack by the Maoists. However, the IJ did not ignore this

5

evidence: he devoted a paragraph of his oral decision to discussing it, noting that during the hearing, Sharma was confused as to its contents and seemed unfamiliar with it. The IJ stated that he would not use the confusing testimony as a basis for the adverse credibility finding, but would not afford the document any weight, particularly because it was not authenticated. The weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the agency. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Further, even affording the information report probative weight, it does not rehabilitate Sharma's inconsistent testimony regarding his involvement with the NCP and RPP and the timing of his wife's kidnaping and his flight to India. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Similarly, Sharma argues that the agency erred because it did not consider the country conditions evidence he submitted; however, that evidence would not affect the IJ's finding regarding Sharma's credibility.

A totality of the circumstances supports the agency's adverse credibility determination, based on Sharma's inconsistencies and omissions. 8 U.S.C.

§ 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 167. Further, because the only evidence of a threat to Sharma's life or freedom depended upon his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Motion to Remand

The BIA's denial of a motion to remand that relies on new evidence is held to the substantive standard for motions to reopen, and is reviewed for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Justice,* 421 F.3d 149, 156 (2d Cir. 2005). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006).

Contrary to Sharma's assertion, the BIA did not abuse its discretion in denying his motion to remand. The BIA determined that an independent translator's account of translation errors during the merits hearing was not material because the errors

identified did not affect the IJ's credibility determination. Indeed, four of the five main translation discrepancies have no bearing on the credibility determination. The fifth discrepancy involves Sharma's response when confronted with the police information report. The translation of Sharma's response as rendered by the independent translator *does* negate the confusion the IJ identified. However, the IJ did not use Sharma's purported confusion as a basis for the adverse credibility finding. While the IJ afforded the information report limited weight because Sharma seemed unfamiliar with it, and the independent translator's account shows that Sharma was aware of the report's contents, as discussed above, even given probative weight, the evidence would not rehabilitate Sharma's inconsistent testimony or explain his omissions.

Because even without the translation errors identified by the independent translator, the IJ would have found Sharma incredible, evidence of those errors was not material to Sharma's claim, and the BIA did not abuse its discretion when it denied his motion to remand. 8 C.F.R. § 1003.2(c)(1); *Li Yong Cao,* 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk